IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLARICE A. PETERSON, nka,
CLARICE A. LUCK,

      Petitioner,

vs.                                                                                                        No. CIV 03-0660 JB/LAM

DEAN S. PETERSON,

      Respondent.

DEAN S. PETERSON,

      Plaintiff,

vs.

PAMELA HYDE, SECRETARY,
HUMAN SERVICES DEPT., et al.

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion to File Supplemental Response to Plaintiff's Motion for Partial Summary Judgment, filed December 24, 2003 (Doc. 101); and (ii) the Defendants' Opposed Motion to Allow Filing Exhibits in Excess of Limits Set By Local Rule 10.5, filed December 24, 2003 (Doc.100). The issue is whether the Court should allow the Defendants to file a Supplemental Response with approximately 88 pages of Exhibits in opposition to Plaintiff Dean S. Peterson's motion for partial summary judgment. Because the Court wants a non-moving party to make its record before the Court considers entering a summary judgment against it, the Court will grant both motions.

**BACKGROUND**

Plaintiff Dean S. Peterson filed his First Motion and Brief for Partial Summary Judgment on September 12, 2003 (Doc. 34). The Defendants filed their Response on September 29, 2003 (Doc. 38). Peterson did not file a reply. On October 10, 2003, Peterson filed a "Supplement" to his Motion for Partial Summary Judgment (Doc. 46). The Defendants moved to strike the Supplement on procedural and evidentiary grounds. See Defendants' Motion to Strike Plaintiffs' Supplement to Motion for Partial Summary Judgment, filed October 15, 2003 (Doc. 50).

The Defendants request permission to supplement their Response, for three reasons. First, Peterson produced documents on December 5, 2003, the last day of the discovery period and after the parties had completed briefing on the Plaintiff's Motion for Partial Summary Judgment. The Defendants argue that these documents show Peterson received notification of support delinquency before the withholding of his wages. The Defendants contend that this fact is vital to their Response. The Defendants attach copies of the documents to the proposed Supplemental Response.

Second, the Defendants have now completed their review of the cases that Peterson cited in his Supplement to his Motion for Partial Summary Judgment. The Defendants contend that they should be able to demonstrate to the Court their significance via affidavit and relevant excerpts from the cases themselves.

Third, since the completion of briefing on the Plaintiff's Motion for Partial Summary Judgment, the Chaves County District Court, in a companion case to this matter, ruled that Peterson was in arrears at the time that wage withholding began, which limits his damages to nominal damages only. The Defendants argue that they should be able to provide the Court with a copy of this ruling and attach it to the proposed supplemental Response.

Purportedly attached to the Motion to File Supplemental Response are: (i) the proposed Supplemental Response; (ii) the Affidavit of Elizabeth Cunningham; (iii) notifications of delinquency that Peterson recently produced; (iv) Peterson's divorce decree; (v) Chaves County District Court rulings on Peterson's child support arrearage; and (vi) excerpts from Peterson's deposition testimony. These exhibits exceed 50 pages. The Defendants have designated items (ii), (iii), (iv), and (v) as exhibits to item (i). The Defendants did not file (ii), (iii), (iv), and (v) with the Motion to File Supplemental Response. The largest of these items, item (ii), chiefly consists of state district court pleadings that the Plaintiff cited in his Supplement to Motion for Partial Summary Judgment, but did not attach as exhibits.

The Defendants filed an Opposed Motion to Allow Filing Exhibits in Excess of Limit Set By Local Rule 10.5 (Doc. 100) concurrently with their motion to supplement. The Defendants contend that the exhibits are vital to the Defendants' argument against the Plaintiff's Motion for Partial Summary Judgment. The Defendants contend that it is essential that the Court permit them to submit these exhibits for the Court to review. The Court has set oral argument on the Plaintiff's Motion for Partial Summary Judgment for February 18, 2004.

### STANDARDS FOR SUPPLEMENTATION OF A RESPONSE

When a party moving for summary judgment submits additional evidence after the non-moving party has filed a response, the Court must allow the non-moving party the opportunity to respond to the new evidence before the Court enters summary judgment; in the alternative, the Court may rule on the summary judgment motion without weighing the new evidence. See Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir. 1998)(holding that district court, having accepted movant's reply brief containing new information, must either accept surreply or exclude new

information from its consideration)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)(holding that rule 56 requires non-moving party notice and a reasonable opportunity to respond to moving party's evidence)). In addition, rule 56 implies that, when the moving party does not, regardless of the reason, present material evidence which supports the non-movant's position, the Court must give the non-moving party an opportunity to present such evidence to the Court for consideration on summary judgment. See Celotex Corp. v. Catrett, 477 U.S. at 326 (holding that court may enter summary judgment only when non-movant has notice and opportunity to come forward with all its evidence).

## ANALYSIS

The Defendants contend that there are at least two reasons why the Court should permit them to supplement their Response: (i) Peterson's Supplement to his Motion for Partial Summary Judgment submitted new evidence to the Court; and (ii) Peterson delayed in producing material evidence until the last day of the discovery period, after the parties completed briefing on the Motion for Partial Summary Judgment. Peterson responds by stating the issues that his motion raises and the answers to those issues. The only issue before the Court on this motion, however, is whether the Court should allow the Defendants to file a Supplemental Response addressing the substance of the 17-25 cases to which Peterson refers in his Supplement.

**I.  THE PLAINTIFF'S SUPPLEMENT SUBMITTED NEW EVIDENCE TO THE COURT.**

Peterson's Supplement discusses other child support enforcement cases in which the Defendants were involved. Peterson's purpose in introducing these cases is to rebut the Defendants' Parratt-Hudson defense, which the Defendants raised in their Response. The Defendants originally

filed a motion to strike the Plaintiff's Supplement, apparently reasoning that they did not have enough time then to respond to the substance of the Supplement. The parties had completed briefing on the Motion for Partial Summary Judgment, and the Court could have ruled on the motion at any moment.

In his Response to the Defendants' Motion to Strike his Supplement, Peterson states: "Defendants proper response, rather than move to strike the supplement, is to file their own supplement with proof that proper procedures were followed." Response to Motion to Strike ¶8, at 2. The Court agrees that the Defendants' filing their own supplement is a proper way to respond to Peterson's new material. Peterson did not file a reply, so his Supplement is in the nature of a Reply and the Defendants' Supplement is in the nature of a surreply.

## II. THE NEW, PREVIOUSLY UNDISCLOSED EVIDENCE MAY BE VITAL TO THE DEFENSE.

The Defendants first requested the new evidence on September 3, 2003, in their First Set of Requests for Production, No. 7: "Please produce copies of any and all writings that you have in possession, custody or control which either you or your counsel have received from the State of New Mexico Child Support Enforcement Division in the underlying child support action." In their Motion to Supplement, the Defendants do not seek sanctions against Peterson for withholding the evidence until the last day of discovery, but reserve the right to do so.

The Court need not decide why there is new evidence in Peterson's Supplement. There is no dispute that Peterson includes new material; that is the purpose of the Supplement. The Defendants should have an opportunity to respond to the new material before the Court considers entering judgment against them.

### III. THE COURT WILL ALLOW THE DEFENDANTS TO FILE THEIR PROPOSED EXHIBITS.

It would be unfair to deny the Defendants the right to present all evidence in support of their position and then enter summary judgment against them. They seek to add approximately 80 pages of exhibits, more than rule 10.5 allows. The better course for all involved would be for the Court to consider them before entering summary judgment.

**IT IS ORDERED** that the Defendants' Motion to File Supplemental Response to Plaintiff's Motion for Partial Summary Judgment and the Defendant's Opposed Motion to Allow Filing Exhibits in Excess of Limit Set By Local Rule 10.5 are granted.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

R. Matthew Bristol
Roswell, New Mexico

    *Attorney for the Plaintiff*

Richard E. Olson
Derek L. Brooks
Hinkle, Hensley, Shanor & Martin, L.L.P.
Roswell, New Mexico

    *Attorneys for the Defendants*