**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CLARICE A. PETERSON,
n/k/a CLARICE A. LUCK,

      Petitioner,

vs.  No. CV- 03-00660 JB/LAM

DEAN S. PETERSON,

      Respondent.

DEAN S. PETERSON,

      Plaintiff,

vs.

PAMELA HYDE, SECRETARY,
HUMAN SERVICES DEPT.,
STEPHANIE GONZALES, DIRECTOR,
CHILD SUPPORT ENFORCEMENT
DIVISION, AND MARK CRADDOCK,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendants' Motion for Evidentiary Hearing on Issues Relating to Plaintiff's Motion for Class Certification, filed January 30, 2004 (Doc. 142). The issue is whether the Court should hold an evidentiary hearing on issues relating to the Plaintiff Dean S. Peterson's motion for class certification. Because the Court does have concerns that Peterson's motion for class certification raises factual issues, the Court will grant the Defendants' motion and hold a three-hour evidentiary hearing on Peterson's motion for class certification.

**BACKGROUND**

Peterson brought this action because he did not receive pre-deprivation Notice of Support Delinquency ("NOSD") before he received the Notice to Withhold Income ("NWI") that asserted arrearages against him.  Peterson alleges that the Defendants routinely use Notices to Withhold Income to assert and collect arrearages without sending out NOSDs.  See Plaintiff's Supplement to Motion for Partial Summary Judgment at 1-4, filed October 10, 2003 (Doc. 46); Plaintiff's Second Motion to Compel Discovery and Request for Sanctions ¶¶ 5, 8-61, at 2-11, filed November 26, 2003 (Doc. 82); Plaintiff's Memorandum in Support of His Third Motion and Brief for Partial Summary Judgment as to Elizabeth Cunningham ¶¶ 10-63, at 3-9, filed December 23, 2003 (Doc. 99); Plaintiff's First Amended Reply to Defendants' Response to Plaintiff's Third Motion for Partial Summary Judgment ¶¶ 26-51, at 5-8, filed February 3, 2004 (Doc. 146); and Plaintiff's Reply for Class Certification at 1-2, filed February 10, 2004 (Doc. 150).  At first glance, there seems to be support for this proposition.

The Defendants' affiant testified that, from August 1, 1998 to the present, the Defendants issued 55,692 NWIs with only 1,716 NOSDs.  See Affidavit of Valerie Powers ¶¶ 4-5, at 2-3 (executed January 26, 2004).  Therefore, in 55,692 instances, the Defendants asserted arrearages against the proposed class members, but only 1,716 members allegedly received proper pre-deprivation notice through the NOSD.  Peterson contends that the Defendants are admitting that, in 53,976 instances (55,692 minus 1,716), the Defendants issued NWIs without NOSDs.  Powers' affidavit avers that these numbers may not accurately depict what Peterson asserts because of a variety of reasons.  See id. ("However, it would not include an order of withholding issued by a district court to the obligor's employer, which is commonly named an 'Order to Withhold Income'.

Also, many cases have more than one NWI; therefore, the number 55,692 does not reflect the actual number of active cases. . . . The information of this category is limited to the issuance of a particular form known as a 'Notice of Support Delinquency', or Form 517A. It does not include informal notifications of delinquency, such as by letters written by caseworkers to support obligors."). The Defendants cannot, however, testify whether the dollar amounts in the NOSDs matched the dollar amounts in the NWIs.

On January 13, 2004, Peterson filed his Motion and Memorandum of Law in Support of Plaintiff's Motion for Class Certification (Doc. 121). On January 29, 2004, the Defendants filed their Response to Plaintiff's Motion for Class Certification (Doc. 140). Defendants' Response to Peterson's motion for class certification includes factual allegations which the Defendants present to support their argument that Peterson does not satisfy all of the requirements of rule 23 of the Federal Rules of Civil Procedure. The Defendants request that the Court hold an evidentiary hearing before deciding the class certification issue.

Counsel have in good faith conferred in an effort to resolve this dispute without court action, but have not been able to resolve this dispute. The Defendants request a hearing on the motion for class certification that includes oral arguments and presentation of witnesses. Peterson states that he has not deposed one of the Defendants' proposed witnesses. Peterson argues that the other witness, when asked questions on issues relating to class certification, did not answer them.

The Defendants also request that the Court hold a hearing on this Motion for an Evidentiary Hearing on the motion for class certification in advance of the March 12, 2004 hearing on summary

judgment and class certification, to allow time for the parties to prepare their witnesses and exhibits.[1]

## ANALYSIS

The only issue before the Court is whether the Court should hold an evidentiary hearing on class certification. The merits of Peterson's claims are not at issue with this motion.

In General Tel. Co. of Southwest v. Falcon, 457 U.S. 147 (1982), the plaintiff complained of promotion discrimination, but wanted to include class members who the telephone company had not hired.

> Class relief is "peculiarly appropriate" when the "issues involved are common to the class as a whole" and when they "turn on questions of law applicable in the same manner to each member of the class." [Califano v. Yamasaki, 442 U.S. 682, 701 (1979). For in such cases, "the class action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23." . . . Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.

Id. at 155-160.

This Court has, therefore, the discretion to hear evidence to make factual determinations when deciding whether to certify a class action under rule 23 of the Federal Rules of Civil Procedure. See General Tel. Co. of Southwest v. Falcon, 457 U.S. at 160. Evidentiary hearings on class certification are a common occurrence. See Merrill v. Southern Methodist Univ., 806 F.2d 600, 608 (5th Cir. 1986)("[W]e have stated on numerous occasions that the district court should ordinarily conduct evidentiary hearing on class certification."); In re American Med. Sys., Inc., 75 F.3d 1069, 1079 (6th

---

[1] Because the Court finds that a hearing on this Motion for an Evidentiary hearing is unnecessary and is issuing this opinion, the hearing on this motion scheduled for February 24, 2004 at 2:30pm will be vacated.

Cir. 1996)("Although a hearing prior to the class determination is not always required, 'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'")(quoting General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 155 (1982)). Indeed, the "district court should hold an evidentiary hearing if there is any doubt regarding the issue of class certification." 5 Moore's Federal Practice § 23.61[6][c], at 23-289 (Matthew Bender 3d ed. 2003)(citing to Merrill v. Southern Methodist Univ. and Morrison v. Booth, 730 F.2d 642, 644 (11th Cir. 1984)(reversing district court's denial of class certification)).

Peterson contends that, because the Defendants cannot testify if the dollar amounts in the NOSDs matched the dollar amounts in the NWIs, the proposed class should include all 55,692 instances. Peterson contends that, given that the Defendants do not dispute the basic facts, no evidentiary hearing is necessary. Peterson and the class members received NWIs, which alleged arrearages, without receiving a prior notice or opportunity to be heard. Peterson contends that there are thus common questions of law and of fact among the class members' claims.

Peterson and the Defendants dispute the legal conclusion whether the law requires an NOSD before the Defendants issue an NWI. The Defendants, in their Response to Class Certification, assert they can withhold an extra 20% of a class members' wages with no prior notice or opportunity to be heard. Section 40-4A-6 states:

Amount of income subject to withholding.

A. The income of an obligor shall be subject to withholding in an amount:

(1) equal to the monthly support obligation set forth in the order for support; and

(2) in the event of a delinquency, the additional amount of twenty percent of the monthly support obligation set forth in the order for support, or such amount as

> the court may order after notice and hearing, until payment in full of any delinquency set forth in the notice of delinquency.
>
> B. The maximum amount of an obligor's income which may be subject to withholding pursuant to the Support Enforcement Act [40-4A-1 NMSA 1978] and pursuant to any garnishment shall not exceed fifty percent.

NMSA 1978, § 40-4A-6 (1999).

Peterson contends that the Defendants misread the statute. Peterson argues it is a legal dispute or question how this statute reads. Again, Peterson contends that this needs legal argument, not a factual hearing. Peterson asserts that the Court need not decide any fact question to decide the legal question.

In contrast, the Defendants believe that an evidentiary hearing will aid the Court in determining whether to certify Peterson's proposed class. The Court has reviewed the briefing on the motion for class certification. The motion raises issues whether the Court should certify the case, including issues of commonality, typicality, numerosity, representativeness, and other issues. See Motion and Memorandum of Law in Support of Plaintiff's Motion for Class Certification at 11-16. Factual development will aid the Court's understanding of the Defendants' arguments in several areas:

> \* A fact witness will testify about the factual differences between the different child support enforcement orders and how each order may require different withholding procedures. The Defendants represent that this witness will also demonstrate, using exhibits, that Peterson does not meet his own definition of this case.
>
> \* Another fact witness will testify and introduce evidence related to the information stored on CSES (the Child Support Enforcement Division ("CSED") computer database), including:

    * the feasibility/difficulty of identifying class members and of notifying them if the Court certifies the class, both using CSES and other methods

    * how many different variables exist in CSES that would impact a due process analysis of the proposed class members' claims

    * how the number of proposed class members may be changing on a daily basis because of daily changes in the CSES database, and how that daily change would affect identification of proposed class members

    * how CSES might be able to sort the 630 separate classes of proposed plaintiffs that the Defendants identified in their Response to Plaintiff's Motion for Class Certification.

  * These witnesses, or one or more other witnesses who the Defendants have not yet determined or disclosed, may testify about other matters related to class certification.

  Therefore, the evidentiary hearing is appropriate. The Court will set a three-hour class certification hearing.

  Peterson's complaint about a hearing is largely that the Defendants' motion does not state or disclose the facts or issues on which they request an evidentiary hearing, what evidence is in issue, or what evidence the Defendants intend to introduce at such a hearing. Peterson argues that the Court should deny the Defendants' motion because it is too vague for Peterson to be able to prepare for a hearing. Peterson argues that, if the Court grants the Defendants' motion, the Defendants should detail their evidence and proposed testimony so that Peterson can fairly meet the proposed evidence and testimony. Peterson further argues that, after the Defendants detail their proposed evidence and testimony, the Court should grant him leave to have discovery on the issues the

Defendants wish to present at an evidentiary hearing.

The Defendants respond that they have no duty to reveal their legal strategy in advance. The Defendants expect that the Court will set a limit on the number of witnesses and time for argument, and will require disclosure of the identity of their witnesses and exhibits before the hearing. The Defendants will comply with that order.

Peterson is free to choose not to introduce any witnesses or exhibits. For their part, the Defendants would like to call at least two witnesses and to introduce several exhibits into evidence. The Defendants represent that they have disclosed to Peterson the identity of all witnesses and exhibits. The Defendants contend that there is no reason why Peterson needs additional time to depose any witnesses.

The Court agrees with Peterson's concerns in part. The Defendants should detail their exhibits, evidence, and proposed testimony to Peterson by Friday, February 27, 2004; Peterson should do the same for the Defendants. The parties should explain what their witnesses' testimony will be. If Peterson does not believe that he can meaningfully argue his motion for class certification at the March 12, 2004 hearing without more discovery on the class issues, he may call Ms. K'Aun Sanchez, the Court's courtroom deputy, and take his motion off the calendar for that date. He should at that time, however, provide the Court with a date by which he will be ready for the evidentiary hearing.

Because discovery closed on January 15, 2004, see Order Extending Discovery Deadline, filed December 16, 2003 (Doc. 94), if Peterson desires to pursue further discovery on class certification issues, he must apply for leave of this Court to reopen discovery. If the parties are unable to come to agreement regarding further discovery, Peterson may request a telephonic hearing with the Court or he may file a formal motion. If the Defendants intend to offer more than two live witnesses, they

should advise Peterson and the Court who and why, and explain how all witnesses can be offered in less than three hours.

**IT IS ORDERED** that the Defendants' Motion for an Evidentiary Hearing on Issues Relating to Plaintiff's Motion for Class Certification is granted.[2]  The parties shall exchange detailed witness and exhibit lists by Friday, February 27, 2004.  If Peterson does not want the evidentiary hearing and argument on his motion for class certification on March 12, 2004, he may call the Court's courtroom deputy and take his motion for class certification off the calendar for that day.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

R. Matthew Bristol
Law Offices of R. Matthew Bristol
Roswell, New Mexico

*Attorneys for the Plaintiff*

Richard E. Olson
Derek L. Brooks
Hinkle, Hensley, Shanor & Martin, L.L.P.
Roswell, New Mexico

*Attorneys for the Defendants*

---

[2] Peterson requests attorney's fees of $1,000 and costs, but does not say why.  Under the American rule, each party is responsible for his or her own fees.  Peterson has not presented any reason the Court should shift his fees and costs to the Defendants, and the Court will not do so.